**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

REKESHA HARELL, INDIVIDUALLY AND ON BEHALF
OF THE WRONGFUL DEATH BENEFICIARIES
OF CONNIE LITTLE HARRELL, DECEASED                                    PLAINTIFF

VS.                                                        Civil Action No. 3:08-cv-565-HTW-LRA

YOKOHAMA TIRE CORPORATION,
THE YOKOHOMA RUBBER CO., LTD.,
YOKOHOMA CORPORATION OF AMERICA,
THE DEL-NAT TIRE CORPORATION,
DELTA TIRE CORPORATION,
NATIONAL TIRE CORP., THE
JACKSON PUBLIC SCHOOL DISTRICT,
MISSISSIPPI DEPARTMENT OF EDUCATION,
AND MISSISSIPPI DEPARTMENT OF
FINANCE AND ADMINISTRATION AND
DOES 1 THROUGH 15                                                   DEFENDANTS

**ORDER REMANDING CASE**

This wrongful death and products liability case comes before this court on

plaintiff's, Rekesha Harrell's ("Harrell"), motion to remand [Docket No. 23].  Also before

the court are numerous motions to dismiss and numerous motions to stay the

aforementioned dismissals.[1]  Plaintiff filed this lawsuit in the First Judicial District of the

---

[1]  Also before the court is Del-Nat Tire Corporation's Motion to Dismiss [Docket No. 13];
Jackson Public School District's motion to dismiss [Docket No. 17]; Mississippi Dept. Of
Finance and Administration's motion to dismiss [Docket No. 19]; Miss. Department of
Education's motion to dismiss [Docket No. 20]; Plaintiff's Motion to Strike Del-Nat Tire Corp.'s
motion to dismiss [Docket No. 25]; Plaintiff's motion to stay the motions to dismiss by Miss.
Dept of Finance and Mississippi Dept of Education [Docket No. 31]; Delta Tire Corporation's
motion to dismiss [Docket No. 51]; National Tire Corp's motion to dismiss [Docket No. 52];
Plaintiff's motion to stay dismissal of National Tire Corp and Delta Tire Corp [Docket No. 55 &
56].

Circuit Court of Hinds County, Mississippi, and now requests that this court return it to that court, pursuant to Title 28 U.S.C. § 1447(c).[2]  Defendants Yokohama Tire Corporation and Yokohama Corporation of America (jointly "Yokohama") removed this case based on the court's diversity jurisdiction under Title 28 U.S.C. § 1332.[3]

## I.  Background

On June 9, 2008, plaintiff commenced this action, filing her complaint in state court.  The complaint names as defendants Yokohama Tire Corporation ("YTC"); The Yokohama Rubber Company, LTD. ("YRC"); Yokohama Corporation of America ("YCA"); The Del-Nat Tire Corporation ("Del-Nat"); Delta Tire Corporation; National Tire

---

[2] Title 28 U.S.C. § 1447(c) states:
(c)  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Title 28 U.S.C. § 1446 states in pertinent part:
(a)  A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure  and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

[3] Title 28 U.S.C. § 1332 states:
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Corporation; the Jackson Public School District ("JPS"); the Mississippi Department of Education ("MDE"); the Mississippi Department of Finance and Administration ("MDFA"); and DOES 1 through 15.

The plaintiff is a Mississippi resident. Defendants JPS, MDE, and MDFA are also Mississippi residents.  All remaining defendants are alleged to hold citizenship from other states or, in the case of YRC, another country. The amount in controversy exceeds $75,000, exclusive of costs and fees.

On September 11, 2008, defendants Yokohama Tire Corporation and Yokohama Corporation of America filed a notice of removal, claiming improper joinder because, according to defendants, plaintiff has no viable claim against the named Mississippi defendants.

On October 11, 2008, plaintiff filed her motion to remand. Citing procedural irregularities, she contends that:  (1) the notice of removal was untimely; (2) all the defendants did not join in or consent to removal; and (3) the Mississippi defendants were properly joined.

Here are the background facts.  On June 11, 2007, Alma Epps was traveling with a group of teachers on their way to a conference in South Mississippi in a 1996 Ford E-350 Econoline Van. Connie Little Harrell, now deceased, was seated in the third row to the far left.  The 15-passenger van was owned by the Jackson Public School District. As the van proceeded southbound on Highway US-49, the driver's side rear tire experienced a tread delamination that resulted in the loss of control of the vehicle.  As a result, the vehicle overturned.  After the rollover, Ms. Harrell was alive and trapped in the van, but suffered catastrophic injuries, and ultimately died.  Plaintiff argues that but

for the "tread delamination" and inherent instability of the van, the rollover associated with the crash would not have occurred.

Plaintiff's causes of action against YTC, YRC, YCA, Del-Nat, Delta Tire Corporation, and National Tire Corporation are: (1) strict liability in tort; (2) negligence; and (3) breach of warranty.  Plaintiff also asserts a strict liability action against Does 1 through 15, currently unidentified parties.[4]

Plaintiff brings causes of action against JPS, MDE, and MDFA under the Mississippi Tort Claims Act, and charges those entities with intentionally requiring the parties to travel in an inherently unsafe vehicle.

## II.  Legal Standard

As courts of limited jurisdiction, federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction, before resolving any other element of a lawsuit.  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper.  *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003);  *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002);  *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993);  *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981);  *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and

---

[4] Under Title 28 U.S.C. § 1441(a), persons sued under fictitious names are not considered for the purposes of determining the propriety of removal.

Procedure § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met.").  Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal.  *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### III.  Legal Analysis

### A.  Timeliness of Removal

In order to remove a lawsuit from state to federal court, Title 28 U.S.C. § 1446[5] requires a defendant to file the notice of removal within thirty days of receipt of the initial pleadings. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 814-815 (5th Cir. 1993).  In cases with multiple defendants, the Fifth Circuit observes the "First-Served-Defendant Rule," by which "the thirty-day period begins to run as soon as the first defendant is served." *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). If the case is not initially removable, but later becomes so, Title 28 U.S.C. § 1446 allows filing of the notice of removal within thirty days of receipt of the "amended

---

[5] Title 28 U.S.C. § 1446 states in pertinent part:
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

pleading, motion, order or other paper" which alerts the defendant to the cases'

removability. *Id*. Although the time limit is not jurisdictional and can be waived, "[i]n the

absence of waiver . . . by the plaintiff, or some equitable reason why that limit should

not be applied . . . a defendant who does not timely assert the right to remove loses that

right." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

Plaintiff argues that defendants' removal was untimely. Defendant Del-Nat Tire

Corporation was served on August 11, 2008, and, the plaintiff claims, any such notice

of removal should have been filed no later than September 10, 2008 – thirty days after

service of the first defendant. YTC and YCA filed their notice of removal on September

11, 2008, thirty-one days after service of the first defendant. In addition, plaintiff asserts

that Del-Nat Corporation filed its joinder on September 11, 2008, which was thirty-one

days after being served.

Defendants argue that a one-day penalty should not here result in remand.

Yokohama advances two arguments in support of this reasoning: (1) that the thirty-day

time limit should be waived by the court because the plaintiff, either deliberately or

inadvertently, caused confusion regarding the date of service by serving the first

defendant twice, in two different locations; and (2) that even if the court does not waive

the thirty-day time limit from first service, Yokohama's discovery of Workers'

Compensation payments provided "other paper" notification that the case was

removable, allowing defendants an additional thirty days for removal.

### 1.  Waiver of the thirty-day time limit for removal

Plaintiff's attached proof service documents indicate that on August 8, 2008, she mailed process via certified mail to all of the following defendants: Del-Nat Tire Corporation in Memphis, Tennessee; Del-Nat Tire Corporation's agent for service in Reno, Nevada; National Tire Corporation in Reno, Nevada; Delta Tire Corporation in Southfield, Michigan; and Yokohama Corporation of America in Fullerton, California. Because these defendants were located in different parts of the country, some received service on August 11th and some on August 12th.

Del-Nat Tire was served first on August 11, 2008, by service on a company officer in Memphis, Tennessee, and again on August 12, 2008, by certified mail sent to its agent for service of process in Nevada.  Plaintiff served YCA on August 12, 2008, and YTC on August 21, 2008. Yokohama claims it was not aware of the first service on Del-Nat until receiving plaintiff's motion to remand and supporting exhibits. Yokohama states it was only aware of the August 12, 2008, service of Del-Nat, and, therefore, calculated the thirty-day deadline to fall on September 11, 2008.

Defendants argue that the thirty-day removal deadline is not jurisdictional and may be waived or barred by estoppel, citing *Schoonover v. West American Ins. Co*, 665 F. Supp. 511, 514 (S.D. Miss. 1987); and *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992).

In *Schoonover,* a plaintiff filed suit in state court against both diverse and non-diverse defendants.  On February 18, 1987, the plaintiff moved the court to file an amended complaint which dismissed the non-diverse defendants.  The court heard the motion to amend on February 20 and filed an order granting the motion on February 26.

7

The defendant removed the case to federal court on March 26.  The plaintiff then claimed, inter alia, that the removal was untimely, because the thirty-day period began to run from February 18th, when the defendant received notice that the case was removable, or on February 20th, when the court heard arguments to dismiss the non-diverse defendants. The Magistrate Judge held the removal petition to be timely, finding that the thirty-day deadline began to run no earlier than the Order granting the motion to amend the complaint. The district court judge, upon review, agreed with the Magistrate Judge's findings and agreed that the unrecorded hearing did not start the running of removal deadline. The district court also stated that the thirty-day time limitation is not jurisdictional and may be waived or barred by estoppel.  665 F.Supp. at 514.  This statement, however, was not dispositive to the removal's timeliness, as the court had already determined the time limit did not begin to run until twenty-eight days prior to defendant's filing of the removal petition.  In the current case, defendants concede that the notice of removal was filed late and ask for an equitable exception to the removal filing deadline.

In *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992), an action against the American Red Cross and an individual physician, the Red Cross removed the case, arguing that federal statute conferred federal court jurisdiction over lawsuits involving the Red Cross. The Red Cross failed to obtain the consent of one defendant in the removal. The Fifth Circuit acknowledged that "the Red Cross charter conferred subject matter jurisdiction in the district court," *id* at 169, but remanded because of the procedural defect in removal. At oral argument, the Red Cross described a scenario in which a plaintiff could serve other defendants, then wait until the thirty-day time limit for removal expired to

8

serve the Red Cross, thus preventing the Red Cross from asserting its right to remove the claim to federal court. In this hypothetical, argued the Red Cross, strict adherence to the unanimous consent rule, coupled with the thirty-day time limit, would create a situation ripe for abuse by plaintiffs. The Fifth Circuit stated "it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis," *id*, but ordered the case be remanded to state court.

Yokohama claims that the allegedly tardy filing was caused by the plaintiff's staggered service of the defendants, done either intentionally or inadvertently. Defendants, however, provide no evidence that the plaintiff intentionally tried to manipulate the timing of service, such as to trigger the equitable exception to the First-Served-Defendant Rule.

Nor do the defendants show how they were "confused" by plaintiff's method of service.  Plaintiff served Del-Nat Tire on August 11, 2008.  Del-Nat Tire does not dispute this service, nor claim ignorance of such.  Further, no defendant contends that this August 11th service was invalid.  This court, thus, is not persuaded by the defendants' "confusion" argument.

Waiver of the thirty-day time limit for removal is within the court's discretion for "exceptional circumstances."  969 F.2d at 169.  Within the Fifth Circuit, this waiver has rarely if ever been applied to facts similar to the present case.  Even in a case where the defendant was joined almost four years after filing of the initial complaint, the Fifth Circuit denied removal based on the thirty-day removal deadline. *See Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986).  This court, in short, does not find the instant action to present the "exceptional circumstances" necessary to waive the thirty-day removal time

limit.

### 2.  New Grounds for Removal Under Title 28 U.S.C. § 1446(b)

The Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-9, *et. seq.*,[6] precludes suit by any employee of a governmental entity in Mississippi against any government agency, if the plaintiff's employer provides Workers' Compensation benefits.  *Maxwell v. Jackson County*, 768 So.2d 900, 903-904 (Miss. 2000).  YCA and YTC claim they learned of the non-diverse defendants' immunity from suit under the Mississippi Tort Claims Act on September 5, 2008, when, on their own initiative, they obtained records showing that Worker's Compensation benefits were paid to plaintiff's decedent's estate.  Since the MTCA provision barring recovery against the in-state defendants hinges on coverage by Worker's Compensation, defendants claim that the Worker's Compensation documents they obtained on September 5, 2008, constitute "other paper," allowing a new opportunity for removal.

The defendants cite *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812 (5th Cir. 1993), to support their claim that they properly removed this case within thirty days of receipt of such "other paper" as would make this case removable.

---

[6] Miss. Code Ann. § 11-46-9(1)(l) states that:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
    . . .
    (l) Of any claimant who is an employee of a governmental entity and whose injury is covered by the Workers' Compensation Law of this state by benefits furnished by the governmental entity by which he is employed;

In *Jernigan*, the plaintiff sued multiple oil pipeline and service companies for injuries he sustained during his employment.  The defendants removed the suit based on diversity jurisdiction alleging that the in-state defendants were either divisions of the out-of-state defendants, and, thus, not independent entities susceptible to suit, or in an employer relationship with the plaintiff in which case the Worker's Compensation laws barred suit.  Defendant, Ashland Oil, did not remove to federal court based on the initial complaint, but determined after receipt of an answer filed by co-defendant, Drilled Crossing, that Drilled Crossing was in an employer-employee relationship with the plaintiff.  Drilled Crossing was thus protected from suit by the Worker's Compensation exclusivity provision. Ashland Oil cited the Drilled Crossing's *answer* to Jernigan's complaint as "other paper" allowing an additional thirty-day period for removal.

In the instant case, the defendants ask this court to recognize Workers' Compensation documents, evidencing payment of benefits, as "other paper" which, say defendants, re-started the thirty-day clock for defendants to remove the action.

YTC and YCA expound on this theory in their brief opposing plaintiff's motion to remand:

> In an effort to be vigilant to preserve its right to removal, Yokohama took it upon itself to investigate the issue of improper joinder of the governmental entities, and received notice of improper joinder on September 5, 2008, when it received the Workers' Compensation records. However, had Yokohama not taken these steps, the removal deadline would have been triggered when the governmental entities filed responsive pleadings that raised the MTCA and Workers' Compensation immunity. [. . .]. Memorandum brief in support of response to plaintiff's motion to remand, docket no. 36 at 13 n.4.

The Fifth Circuit has recognized discovery documents to be "other paper" under the removal statutes in certain cases.  *Eggbert v. Britton*, 223 Fed. Appx. 394, 396-97

(5th Cir. 2007). Typically, these cases involve a complaint between diverse parties which does not allege an amount in controversy, but later the plaintiff provides deposition testimony or makes a demand revealing that the necessary amount-in-controversy is satisfied. *Id*; *see Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000). The "'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo*, 230 F.3d at 761 (citing *S.W.S. Erectors v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996).

This court is not convinced that the Workers' Compensation documents obtained by Yokohama in its "independent" investigation should be treated as "other paper." Yokohama initiated its own investigation into possible MTCA and Workers' Compensation defenses "to preserve its right to removal," indicating it was aware of these defenses early in this action. The case cited by defendants, *Jernigan*, and other Fifth Circuit cases have typically found "other paper" to be documents, admissions, depositions, etc., which provided information the defendant could not easily obtain through investigation. In *Jernigan*, a co-defendant's answer to the complaint, considered "other paper" under the removal statutes, provided key information about the legal relationships between the parties which was not public record. In *Addo v. Globe Life*, 230 F.3d at 762, the Fifth Circuit deemed a post-complaint demand letter from the plaintiff's attorney to the defense to be "other paper" which established the amount in controversy met the jurisdictional minimum required in federal court for diversity jurisdiction. If Yokohama knew from first service that the non-diverse

12

defendants were potentially legally immune from suit, and only required confirmation of this theory, Yokohama's late investigation of this issue should not open a new window for removal.

This court finds that the defendants have failed to remove this case within the time limit required by Title 28 U.S.C. 1446(b).

**B.  Jurisdictional Pleading Requirements**

When jurisdiction rests on diversity of the parties, the party asserting federal court jurisdiction must clearly allege the citizenship in question. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).  Although the plaintiff has not raised an objection to the defendants' pleading of citizenship, this court has the responsibility to ensure its jurisdiction before addressing the merits of a case.  *Id* at 1258.

In *Getty Oil Corp*, a case removed from state court on the basis of diversity jurisdiction, the district court dismissed the action on its merits without adequately addressing its own jurisdiction.  The Fifth Circuit found that jurisdiction was not properly pled by the removing party, stating "when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged."  Id at 1259 (emphasis in original)(internal citations omitted).  The court went on to say that statements, such as, "[defendants] were and still are foreign insurers who do not have their principal place of business in" the states in question, were insufficient to plead citizenship for diversity purposes.  *Id.*  The *Getty Oil* court commanded "[i]n cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal

place of business of each corporation." *Id.*

Yokahama, in its notice of removal, docket no. 1, ¶¶ 3-4 , alleges the citizenship

of the parties to be as follows:

> 3. Defendants YTC and YCA are companies organized under the
> laws of and with principal places of business in states other than the State
> of Mississippi. Defendant Yokohama Rubber Co., Ltd., which has yet to
> be served, is alleged to be a Japanese company.
> 4. Defendants Del-Nat Tire Corporation, Delta Tire Corporation,
> and National Tire Corp. are companies organized under the laws and with
> principal places of business in states other than the State of Mississippi.

These allegations of citizenship are almost identical to those rejected as

insufficient by the Fifth Circuit in the *Getty Oil* case.

## IV.  Conclusion

This case, featuring procedural defects, must be remanded.  The Clerk of this

Court is directed to return this lawsuit to the Clerk of the First Judicial District of the

Circuit Court of Hinds County, Mississippi.

**SO ORDERED, this the 4th day of May, 2011.**


**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:08-cv-565-HTW-LRA
Order Remanding Case

14